# FILED

April 8 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0312

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2009 MT 122N

IN THE MATTER OF THE GUARDIANSHIP
AND CONSERVATORSHIP OF
ELMER R. ELLINGSON,

An Incapacitated Person.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DG-2006-049(A)
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Peter F. Carroll, Attorney at Law, Kalispell, Montana

For Appellee:

Daniel R. Wilson, Measure, Robbin & Wilson, P.C., Kalispell, Montana

Submitted on Briefs:  February 25, 2009

Decided:  April 8, 2009

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2	This appeal arises out of an order entered by the Eleventh Judicial District Court, Flathead County, appointing Donald Gatzke as permanent full guardian and conservator of Elmer R. Ellingson. Ellingson is 87 years old and resides at an assisted living facility in Kalispell. Gatzke has managed Ellingson's personal and business affairs since 1998, when Ellingson established a living trust and appointed Gatzke as trustee. Ellingson conveyed his personal and real property into the trust, including a residence and investments. Between 1998 and 2006, the value of the investments roughly doubled under Gatzke's management. No withdrawals were made from the investment account during this period. Since 2000, Gatzke has declined payment for his efforts as trustee.

¶3	Ellingson lives on Social Security payments and other miscellaneous income. He has used a debit card to pay for miscellaneous expenses, and Gatzke has maintained the account with a balance of several thousand dollars for Ellingson's use. Gatzke checks Ellingson's monthly expenditures and monitors his spending, since Ellingson is easily manipulated by others and has demonstrated that he is not able to manage his spending in a prudent fashion.

2

¶4 In 2006, Ellingson became severely ill and was hospitalized. He later moved to a nursing facility. Gatzke petitioned the court and was appointed Ellingson's temporary guardian and conservator in July 2006. Gatzke also arranged for Ellingson to move to the assisted living facility in Kalispell. Meanwhile, in June 2006, Ellingson's doctor advised that Ellingson should not drive, and Gatzke thus took away the keys to Ellingson's vehicle. This created a strain in their relationship, and Ellingson became convinced that Gatzke was stealing his money, guns, food, and other personal items. Ellingson also accused Gatzke of not providing money for his needs.

¶5 Dr. Edward H. Trontel evaluated Ellingson and found that Ellingson suffers from a mild, unspecified dementia, hypertension, hearing loss, and oxygen-dependant chronic obstructive pulmonary disease. Ellingson also suffers from memory problems and a slowed ability to process information. Trontel also found that Ellingson is obstreperous and easily annoyed and finds incursions into his independence very upsetting. At the same time, however, Ellingson acknowledged that he is unable to care for himself. Moreover, Trontel found that Ellingson is subject to influence by others which, in combination with his cognitive problems, increases his vulnerability.

¶6 A court-appointed Visitor, Matt Shearer, also evaluated Ellingson and found that he exhibits dementia and general lack of cooperation and is vulnerable to exploitation by others. Furthermore, Ellingson requires assistance with daily routines. Shearer reported that a primary source of stress for Ellingson is the unsettled nature of his guardianship and trust matters. Shearer recommended that a limited guardian be appointed for Ellingson and that this person be a neutral third party.

¶7 Ellingson, through counsel, filed a motion in November 2006 for an order requiring an accounting, the removal of Gatzke, and the appointment of a limited guardian. The District Court held a contested hearing and then issued findings of fact and conclusions of law. Applying § 72-5-101(1), MCA, the court concluded that Ellingson is an incapacitated person due to the fact that he suffers from medical problems and lacks sufficient capacity to make or communicate reasonable decisions concerning his personal and financial affairs. In addition, the court noted that Ellingson is susceptible to exploitation and undue influence by others. The court further concluded that under § 72-5-306, MCA, the appointment of a permanent, full guardian was appropriate.

¶8 The District Court noted that the nature of a guardian's duties requires that he or she make incursions into a person's independence, and Ellingson's tendency for obstreperousness, as well as his dementia, substantial problems with attention and concentration, reduced ability to process information, and declining physical condition, "make it likely that he will have difficulty relating to any guardian's necessary incursions into his full independence, regardless whether the guardian is Mr. Gatzke, another family member, or a third party." The court observed that Gatzke was willing to serve as guardian on a permanent basis without payment of fees. Moreover, Gatzke was accustomed to dealing with the occasional difficulties that arise as a result of Ellingson's personality tendencies and dementia. In addition, Gatzke was aware of Ellingson's medical history and future medical needs, his family relationships, social relationships, personal needs, and spending habits, and his requirements for assistance in his day-to-day living and care. The court thus concluded that Gatzke's appointment as full guardian and

4

conservator "is in the best interests of Mr. Ellingson," and the court accordingly appointed Gatzke in this capacity.

¶9 On appeal, Ellingson first asserts that the District Court erred when it determined that a full guardianship was necessary. Ellingson takes issue with some of the court's findings of fact and argues that the court failed to consider certain benefits that a *limited* guardianship would provide. Second, Ellingson contends that the District Court abused its discretion in continuing Gatzke's appointment. Ellingson complains about Gatzke's attitude, performance, and priorities and argues that another individual would have been a better choice. In response, Gatzke contends that a full guardianship and conservatorship is necessary to promote and protect Ellingson's well-being and that the District Court did not abuse its discretion in maintaining Gatzke in this capacity.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. Having reviewed the record, the District Court's order, and the parties' briefs, we conclude that the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted and applied.

¶11 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ JOHN WARNER
/S/ BRIAN MORRIS